UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

RAYMOND CHRISTIE,

                              Plaintiff,

           v.                              9:09-CV-0248
                                                (DNH/GJD)
BRIAN FISCHER, Commissioner of New York
State Department of Correctional Services,

                              Defendant.

APPEARANCES:

RAYMOND CHRISTIE
Plaintiff, *pro se*
94-A-7636
Oneida Correctional Facility
P.O. Box 4580
Rome, New York 13442-4580

HON. DAVID N. HURD
United States District Judge

## DECISION AND ORDER

### I. Introduction

*Pro se* plaintiff Raymond Christie has filed a complaint in the above matter, together with an application to proceed *in forma pauperis*.

### II. Discussion

After reviewing the information that plaintiff provided in his *in forma pauperis* application, it is determined that he meets the financial criteria for commencing this action *in forma pauperis*. Therefore, the sufficiency of the allegations that he has set forth in his complaint in light of 28 U.S.C. § 1915(e) must now be considered. Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action

. . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]  Thus, although the court has the duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond, . . ." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted), the court also has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*.[2]

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 against defendant Brian Fischer, Commissioner, New York State Department of Correctional Services, in his individual capacity. Dkt. No. 1 at 6. Plaintiff claims that he was improperly denied access to his "medical and security records" which he needed to demonstrate that the limitations period for seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 should have been equitably tolled, and that as a result, his petition was dismissed. *Id*. Plaintiff seeks a judgment that the alleged wrongful withholding of those records violated his

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[2] "Dismissal of frivolous actions pursuant to 28 U.S.C. § 1915e is appropriate to prevent abuses of the process of the court," *Nelson v. Spitzer*, No. 9:07-CV-1241, 2008 WL 268215, at *1 n.3 (N.D.N.Y. Jan. 29, 2008) (citation omitted), as well as "to discourage the filing of [baseless lawsuits], and [the] waste of judicial . . . resources[.]" *Neitzke*, 490 U.S. at 327.

2

constitutional rights, and "all other and further relief the Court deems just and proper." *Id*. at 8.[3]

By way of background, plaintiff filed a petition seeking habeas corpus relief from his 1994 convictions in the Northern District on January 3, 2006. *Christie v. Fischer*, 9:06-CV-0004 (DNH/GJD) ("*Christie*"). By Decision and Order filed January 10, 2006, this Court found that the petition was not timely filed in accordance with the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Christie*, Dkt. No. 3.[4]

In light of Christie's *pro se* status, he was afforded the opportunity to establish that the habeas petition was not time-barred. Plaintiff filed an amended petition in which he sought to invoke the equitable tolling doctrine. *Christie*, Dkt. No. 5. Plaintiff claimed that during his confinement in various New York state prisons, he was denied the assistance of an inmate law clerk to prepare a habeas corpus petition, and moreover, was retaliated against on at least eight different occasions for having sought legal assistance. Plaintiff alleged that he therefore stopped seeking access to the prison law libraries until March 2005, when he was transferred to Mt. McGregor Correctional Facility, where he "found it possible" to seek legal assistance "without fear

---

[3] This appears to be nothing more than a request for a declaration of liability. A claim for declaratory relief cannot rely upon past injury alone, and plaintiff's claims are premised upon a series of events that took place several years ago. *See, e.g., McCormick v. School District of Mamaroneck,* 370 F.3d 275, 284 (2d Cir. 2004); *see also City of Los Angeles v. Lyons,* 461 U.S. 95, 105-06 (1983). Therefore, the only legitimate relief being sought in the complaint is damages. See *Langdell v. Marcoux* 2009 WL 890121, at *2 (D.Vt. Mar. 30, 2009).

[4] Petitioner's convictions became final for purposes of the AEDPA no later than December 31, 1997, and the limitation period expired one year later on December 31, 2008, because the only state court action by petitioner challenging his convictions was a petition for writ of error coram nobis filed in October 2005. *Id*.

3

of retribution and violence or extortion." *Christie*, Dkt. No. 5. Plaintiff argued that his petition, dated December 18, 2005, was timely filed.

Upon review, the Court determined that plaintiff failed to establish that extraordinary circumstances existed which warranted the equitable tolling of the limitations period for approximately eight years. *Christie*, at Dkt. No. 6. As noted by the Court in its Order, plaintiff had not supported his claims with any facts regarding the dates on which he requested legal assistance, the nature or form of the alleged denials, the prison(s) in which he was confined when he requested assistance, or when he was allegedly mistreated by other inmates; nor did he provide documentation or other evidence in support of these claims. Accordingly, because the petition was filed approximately seven years after the limitation period expired in December 1998, the Court dismissed the habeas corpus petition as time-barred. Dkt. No. 6 at 2-4.[5]

Plaintiff did not appeal the dismissal of his habeas corpus petition to the United States Court of Appeals for the Second Circuit.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to establish a right to relief under § 1983, the plaintiff must show that the defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution. *Parratt v. Taylor*, 451 U.S. 527, 532 (1981); *Eastway Const. Corp. v. New York*, 762 F.2d 243, 249 (2d Cir.1985), *cert. denied*, 484 U.S. 918 (1987).

The personal involvement of a defendant is a prerequisite for the assessment of liability in a § 1983 action, *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977),

---

[5] By Decision and Order filed October 17, 2006, plaintiff's motion for reconsideration was denied with a finding that the action was properly dismissed as time-barred and noting that plaintiff had again failed to provide any factual basis for his claims regarding equitable tolling. *Christie*, at Dkt. No. 9.

4

and the doctrine of *respondeat superior* is inapplicable to these claims. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973). "Further, a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (citing *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986) (other citation omitted)). Any complaint that fails to allege personal involvement is "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotations and citations omitted).

A defendant is personally involved if he or she "directly participated in the infraction." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). In addition, a defendant in a supervisory capacity can be personally involved in a constitutional deprivation if, after learning of a violation through a report or appeal, he or she failed to remedy the wrong; if he or she created a policy or custom under which unconstitutional practices occurred or allowed such a policy or custom to continue; or if he or she were grossly negligent in managing subordinates who caused the unlawful condition or event. *Id*.[6]

Plaintiff claims that the alleged improper withholding of his records prevented him from establishing the timeliness of his habeas corpus petition in violation of his constitutional rights. In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that access to the courts is a fundamental right that requires prison authorities to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners

---

[6] "Generally, the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under § 1983." *Richardson v. Coughlin*, 101 F.Supp.2d 127, 132-33 (W.D.N.Y. 2000), quoting *Pritchett v. Artuz*, No. 99 Civ. 3957 (SAS), 2000 WL 4157, at *6 (S.D.N.Y. Jan. 3, 2000) (other citations omitted).

5

with adequate law libraries or adequate assistance from persons trained in the law."[7] An inmate alleging a denial of access to courts must show actual injury as a result of the deficient access to the courts. *Lewis v. Casey*, 518 U.S. 343 (1996). The cause of the injury must be the inadequacy of the access. *Id*. at 351; *Cole v. Artuz*, 2000 WL 760749, *5 (S.D.N.Y. June 12, 2000) *quoting Lewis*, 518 U.S. at 343.

The Court has reviewed the complaint and supporting exhibits in their entirety and has afforded them great liberality, but is unable to find any allegations against Commissioner Fischer sufficient to demonstrate that he was personally involved in the matters complained of.[8] While it appears from the exhibits that plaintiff attempted to obtain certain of his institutional and medical records, none of those requests were directed to defendant Fischer, nor does it appear that any of the responses to, or denials of, plaintiff's requests came from defendant. *See* Dkt. No. 1-2 at 22-36.

Based upon the foregoing, it is determined that the complaint, as drafted, does not afford any basis upon which the named defendant might be found to have been personally involved in the alleged misconduct or wrongdoing.

THEREFORE, it is

---

[7] In *Lewis*, the plaintiffs alleged a variety of shortcomings with their prison library. *Id*., 518 U.S. at 346-47. Interpreting *Bounds v. Smith*, the Court in *Lewis* stated that *Bounds* did not create an "abstract, freestanding right to a law library or legal assistance." *Id*. at 351. Additionally, a law library is only one way for inmates to be provided with access to the courts. *Bounds*, 430 U.S. at 830-31. Thus, if an inmate is afforded counsel there is no constitutional requirement that he also be afforded access to law books. *Id.; Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (appointment of counsel can be valid means of satisfying prisoner's 6th Amendment right of access).

[8] The majority of the one hundred sixteen pages of exhibits consist of the record of a state court CPLR Article 78 proceeding commenced by plaintiff in November 2007, after his habeas corpus petition was dismissed. In that action, plaintiff sought an order from the New York Supreme Court, Albany County, compelling the production of records relating to his incarceration which plaintiff claimed were necessary for him to prosecute a federal habeas corpus action. Dkt. No. 1-2 at 41-42. By Order of that court filed August 20, 2007, the Article 78 petition was denied and dismissed. The court ruled that the "petition sets forth no factual allegations and offers no proof to support his entitlement to the requested documents." *See* Dkt. No. 1-2 at 115-16.

6

ORDERED, that

1. The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief may be granted by this Court;

2. Plaintiff's application to proceed with this action *in forma pauperis* (Dkt. No. 2) is DENIED as moot; and

3. The Clerk is directed to serve a copy of this Decision and Order on plaintiff by regular mail.

IT IS SO ORDERED.

Dated: May 5, 2009
       Utica, New York.

United States District Judge